1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                              AT TACOMA

10   BEVERLY M. M.,

11                       Plaintiff,              CASE NO. 2:22-cv-00080-JRC

12          v.                                   ORDER ON PLAINTIFF'S
                                                 COMPLAINT
13   COMMISSIONER OF SOCIAL
     SECURITY,
14                       Defendant.

15

16

17          This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local

18   Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate

19   Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 15, 16, 17.

20          Plaintiff is a 56-year-old woman whose most recent employment was in 2002 when she

21   worked as a cook at various restaurants. Plaintiff states that she is unable to maintain

22   employment because of her spinal impairment, chronic back and neck pain, and shoulder pain.

23   Plaintiff states that due to her physical impairments, she is not able to walk longer than two

24

blocks, is only able to lift minimal amounts of weight, and often has to alternate between sitting and standing. The Administrative Law Judge ("ALJ") found that plaintiff was not disabled because she has the residual functional capacity ("RFC") to perform sedentary work.

In finding plaintiff not disabled, the ALJ rejected part of Dr. Crist's opinion. But because the ALJ did not explain why he did so, the ALJ erred. The ALJ's error is not harmless because the RFC determination could have well differed had the improperly rejected evidence been credited. Therefore, this matter is remanded for further proceedings.

## PROCEDURAL HISTORY

This is the third time plaintiff is seeking review of her applications with this Court. Plaintiff filed applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act in April 2007, alleging a disability onset date of December 1, 2002. *See* Administrative Record ("AR") 121–29, 2018. Both applications were denied initially and following reconsideration. AR 72–83, 2018.

Plaintiff's first requested hearing was held before Administrative Law Judge Gary J. Shuttles ("the ALJ") on October 7, 2009. *See* AR 33–67. On November 4, 2009, ALJ Shuttles issued a written decision concluding that plaintiff was not disabled pursuant to the Social Security Act. *See* AR 13–32. On December 5, 2011, pursuant to the parties' stipulation, this Court remanded plaintiff's case for a new hearing. AR 707–11.

ALJ Scott R. Morris held a second hearing and issued a decision on June 27, 2013, finding plaintiff not disabled. AR 472–531, 717–52. On November 22, 2014, the Appeals Council remanded for a new hearing and a new decision. AR 753–58.

1    ALJ Tom L. Morris held a third hearing and issued a third decision on September 28,

2    2016, finding plaintiff not disabled. AR 532–600, 759–90. On September 22, 2017, the Appeals

3    Council again remanded for a new hearing and a new decision. AR 791–97.

4    ALJ Raymond Souza held two hearings and issued a fourth decision on June 5, 2019,

5    finding plaintiff was not disabled prior to June 15, 2015. AR 432–71, 601–52, 2269–2305. On

6    August 7, 2020, this Court affirmed the ALJ's finding that plaintiff was disabled as of June 15,

7    2015, but remanded the case with instructions to reevaluate evidence, reassess plaintiff's residual

8    functional capacity ("RFC"), and re-do to the five-step disability process with respect to the

9    period before June 15, 2015. *See* AR 2112–24.

10    ALJ C. Howard Prinsloo held a hearing on September 2, 2021 and issued a fifth decision

11    on September 28, 2021, finding plaintiff had the RFC to perform sedentary work with exertional,

12    postural, and environmental limitations prior to June 15, 2015. AR 2015–53, 2054–66. The ALJ

13    thus concluded that plaintiff was not disabled from December 1, 2002 through June 14, 2015.

14    AR 2040.

15    Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's September

16    2021 decision on January 28, 2022. *See* Dkt. 6. Defendant filed the sealed administrative record

17    regarding this matter ("AR.") on June 3, 2022. *See* Dkt. 10.

**BACKGROUND**

19    Plaintiff, 56, was born in 1966 and was 36 years old on the alleged date of disability

20    onset of December 1, 2002. *See* AR 2039. Plaintiff has at least a high school education and

21    worked in various restaurants until she quit. *See id*; AR 38–40. According to the ALJ, plaintiff

22    had at least the severe impairments of spinal impairment(s), right shoulder impairment(s), pain

1   disorder(s), depressive disorder(s), anxiety disorder(s) (including post-traumatic stress disorder),

2   personality disorder(s), and substance use disorder prior to June 15, 2015. AR 2022.

3                                    **STANDARD OF REVIEW**

4           Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

5   social security benefits if the ALJ's findings are based on legal error or not supported by

6   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

7   Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

8                                         **DISCUSSION**

9           In plaintiff's Opening Brief, plaintiff raises the following issues: (1) whether the ALJ

10  properly evaluated medical opinion evidence; (2) whether the ALJ properly evaluated plaintiff's

11  symptom testimony; (3) whether the ALJ properly evaluated lay evidence; and (4) whether the

12  ALJ properly assessed plaintiff's residual functional capacity ("RFC"). *See* Dkt. 15, p. 1.

13  Because the first issue is dispositive and the Court is remanding the matter for further

14  proceedings, the Court declines to reach the remaining issues.

15  **I.       Whether the ALJ Properly Evaluated Medical Opinions**

16          Plaintiff contends the ALJ erred in evaluating the medical opinion of Dr. Robert Crist.

17  Dkt. 15, pp. 7–9.

18          Plaintiff filed her applications prior to March 27, 2017. AR 121–29, 2018. Pursuant to the

19  applicable rules at the time, in assessing an acceptable medical source, an ALJ must provide

20  "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or

21  examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*,

22  908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When

23  a treating or examining doctor's opinion is contradicted, the opinion can be rejected "for specific

24

1   and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d

2   at 830–31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*,

3   722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and

4   thorough summary of the facts and conflicting clinical evidence, stating his interpretation

5   thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing

6   *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

7          In April 2005, Dr. Crist opined that plaintiff is able to perform sedentary work,

8   specifically walk or stand for two to three hours and occasionally lift 10 to 20 pounds. *See* AR

9   365. He also opined that plaintiff is able sit for four to five hours, but "would probably have to

10  alter position and change position during that period." *See id*. The ALJ gave "significant" weight

11  to Dr. Crist's opinion regarding plaintiff's walking, standing, and lifting limitations. *See* AR

12  2035. Plaintiff argues the ALJ erred by crediting Dr. Crist's opinion but failing to incorporate all

13  of his limitations, namely, plaintiff's need to change position while sitting. Dkt. 15, p. 8. The

14  Court agrees.

15         Though the limitations the ALJ incorporates into the RFC does not need to be identical to

16  the limitations assessed by a physician, the RFC must nonetheless be consistent with the

17  physician's opinion. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222–23 (9th Cir. 2010).

18  But in this case, the RFC does not sufficiently reflect Dr. Crist's opinion regarding plaintiff's

19  need to change positions. The ALJ assessed plaintiff has the RFC to perform:

20         sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: no more
           than occasional pushing and/or pulling with the right upper extremity; occasional
21         stooping, kneeling, crouching, crawling, and climbing ramps and stairs; no
           climbing ladders, ropes, or scaffolds or exposure to vibration or hazards; frequent
22         handling or fingering with the right upper extremity; occasional reaching
           overhead with the right upper extremity; able to perform simple routine tasks.

23

24

1   AR 2025. While the RFC provides that plaintiff is able to perform sedentary work and simple

2   routine tasks with exertional, postural, and environmental limitations, it does not indicate

3   plaintiff's need to change position. Notably, during the September 2021 hearing, while posing

4   hypotheticals to the vocational expert about the jobs plaintiff may be able to do based on her

5   RFC, the ALJ did not include any questions about needing to change positions. *See* AR 2060–66.

6        Further, the ALJ did not provide an explanation as to why Dr. Crist's opinion regarding

7   plaintiff's need to change positions was ultimately rejected. While the ALJ explained why Dr.

8   Crist's opinion regarding plaintiff's ability to lift up to 10 pounds occasionally and stand and

9   walk for two hours were incorporated into plaintiff's RFC, the ALJ was silent as to the rest of

10  Dr. Crist's opinion. *See* AR 2035. *See Valentine v. Comm'r of Social Sec. Admin*,

11  574 F.3d 685, 690 (9th Cir. 2009) (holding that an RFC assessment must include all of the

12  claimant's functional limitations supported by the record); Social Security Ruling 96-8p, ("If the

13  RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain

14  why the opinion was not adopted.").

15       The Commissioner argues the ALJ's evaluation is reasonable, considering that the ALJ

16  assessed an RFC more restrictive than Dr. Crist's opinion. Dkt. 16, p. 16. However, the RFC is

17  only more restrictive in terms of plaintiff's ability to lift, not whether plaintiff is able to change

18  positions, which is the limitation at issue. AR 365, 2025. The Commissioner also argues that

19  elsewhere in the ALJ's decision, the ALJ provides other valid reasons in discounting plaintiff's

20  limitation in sitting, namely that it is consistent with plaintiff's physical examinations. Dkt. 16, p.

21  16. But the Court may only affirm an ALJ's decision based on the reasons actually given, "not

22  *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."

23

24

1  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citing *SEC v.*

2  *Chenery Corp.*, 332 U.S. 194, 196 (1947)).

3        To properly credit Dr. Crist's opinion, the ALJ needed to ensure plaintiff's RFC was

4  consistent with all of Dr. Crist's opined limitations, or provide a valid reason as to why Dr.

5  Crist's opinion regarding plaintiff's need to change position was rejected. As the ALJ did neither

6  here, the Court finds that the ALJ erred in evaluating Dr. Crist's opinion.

7        An error is harmless if it is not prejudicial to the claimant or is "inconsequential" to the

8  ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*,

9  454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

10  The determination as to whether an error is harmless requires a "case-specific application of

11  judgment" by the reviewing court, based on an examination of the record made "'without regard

12  to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118–1119

13  (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. §2111)).

14        The ALJ's error in this case was not harmless. Had the ALJ properly evaluated Dr.

15  Crist's opinion regarding plaintiff's need to change positions, the ALJ may have assessed

16  plaintiff's RFC differently and affected the ALJ's ultimate determination of nondisability.

17  Accordingly, the ALJ's harmful error requires reversal. The Court directs the ALJ to reassess Dr.

18  Crist's opinion on remand.

19       **II.**    **Other Issues**

20        Plaintiff contends the ALJ also erred in evaluating the medical opinions of Dr. Coren, Dr.

21  Blair, Dr. Duckworth and Mr. Myers, Dr. Douglas Lindahl, Dr. Keith Kreuger, and Dr. Darius

22  Ghazi, her testimony, and lay witness testimony. Dkt. 15, pp. 4–7, 9–17. Because this Court is

23  remanding this matter for further proceedings, the ALJ must reassess all of the evidence and

24

1    make another RFC determination. *See* Program Operations Manual System (POMS) GN

2    03106.036 *Court Remand Orders*, https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited

3    April 14, 2022) (a court order vacating a prior decision and remanding the case voids the prior

4    decision and thus returns the case to the status of a pending claim). Thus, this Court does not

5    address plaintiff's remaining issues.

6          **III.**        **Remand for Further Proceedings**

7          Plaintiff argues this case should be remanded for an award of benefits because if Dr.

8    Crist's opinion is credited as true, the evidence would show plaintiff was disabled during the

9    relevant period. Dkt. 15, p. 19. In the alternative, plaintiff suggests that the Court remand for

10   further proceedings, including a new hearing and new decision limited to the relevant period. *Id.*

11         "The decision whether to remand a case for additional evidence, or simply to award

12   benefits[,] is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.

13   1987). If an ALJ makes an error and the record is uncertain and ambiguous, the court should

14   remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir.

15   2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors,

16   it should remand the case for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th

17   Cir. 2017).

18         The Ninth Circuit has developed a three-step analysis for determining when to remand

19   for a direct award of benefits. Such remand is generally proper only where:

20         (1) the record has been fully developed and further administrative proceedings
           would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient
21         reasons for rejecting evidence, whether claimant testimony or medical opinion;
           and (3) if the improperly discredited evidence were credited as true, the ALJ
22         would be required to find the claimant disabled on remand.

23

24

1    *Trevizo v. Berryhill*, 871 F.3d 664, 682–83 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d

2    995, 1017 (9th Cir. 2014)). However, when an ALJ errs, the proper course is to remand for

3    further administrative proceedings "except in rare circumstances." *Treichler v. Comm'r of Soc.*

4    *Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

5            In this case, if Dr. Crist's opinion is credited as true, the ALJ would not be required to

6    find plaintiff disabled on remand. Thus, remanding for an award of benefits would not be proper

7    at this time. Instead, remanding for further proceedings would be the more appropriate remedy,

8    as "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled

9    within the meaning of the Social Security Act.'" *See Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th

10   Cir. 2014) (quoting *Garrison*, 759 F.3d at 1021). Specifically, the record requires further

11   development to determine the extent of any additional limitations to plaintiff's RFC. While the

12   Court acknowledges that plaintiff has undergone several hearings since she first applied for

13   benefits, the issue of whether the ALJ properly evaluated medical opinion evidence, plaintiff's

14   testimony, lay witness testimony, and properly determined plaintiff's RFC determination still

15   create "serious doubt as to whether the claimant [was], in fact, disabled" during the relevant

16   period. *Burrell*, 775 F.3d at 1141.Thus, the Court exercises its discretion to remand this case for

17   further proceedings.

18                                          **CONCLUSION**

19           Based on these reasons and the relevant record, the Court **ORDERS** that this matter be

20   **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the

21   Commissioner for further consideration consistent with this order.

22   ///

23   ///

24

1    **JUDGMENT** should be for plaintiff and the case should be closed.

2    Dated this 5th day of October, 2022.

3

4

5    _____

6    J. Richard Creatura
     Chief United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFF'S COMPLAINT - 10